IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JONAH PAUL ANDERS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 16-cv-2321-JDT-tmp |
| SHAYLA N. PURIFOY, MEMPHIS | ) |
| AREA LEGAL SERVICES, MAYLA | ) |
| C. ANDERS, TENNESSEE | ) |
| CIRCUIT COURT JUDGE GINA | ) |
| HIGGINS, and ANUMEHA TANYA, | |
| Defendants. | |

_____

# REPORT AND RECOMMENDATION
_____

On May 9, 2016, *pro se* plaintiff Jonah Paul Anders filed a complaint against Shayla N. Purifoy, Mayla C. Anders, Tennessee Circuit Court Judge Gina Higgins, Anumeha Tanya, and Memphis Area Legal Services ("MALS") (collectively "Defendants"). (ECF No. 1.) The same day, Mr. Anders also filed an application to proceed *in forma pauperis*, which the court granted on May 11, 2016. (ECF Nos. 2 & 5.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, it is recommended that Mr. Anders's complaint be dismissed *sua sponte* pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii)-(iii) and for lack of subject matter jurisdiction.

## I. PROPOSED FINDINGS OF FACT

On May 2, 2016, Mr. Anders filed a complaint against Defendants, alleging various violations of his due process rights in two state court cases stemming from his divorce from defendant Ms. Anders, his ex-wife. Mr. Anders asserts that Ms. Purifoy, an attorney with MALS, allegedly lied to and misled the state court judge in the cases at issue. Similarly, Mr. Anders claims that another MALS attorney, Ms. Tanya, allegedly "assisted in getting [an] order changed without notice ex parte." With regard to Ms. Anders, Mr. Anders alleges that she presented false documents and statements during the state court proceedings. Lastly, Mr. Anders alleges that Judge Higgins "abused her authority" by refusing to "hear his appeal," by issuing a divorce instead of an annulment, by awarding excessive child support and alimony, and by failing to issue a final judgment so that he could appeal her rulings. Mr. Anders requests various forms of injunctive and monetary relief. His complaint asserts jurisdiction based on federal question.

## II. PROPOSED CONCLUSIONS OF LAW

**A.  Standard of Review**

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket

assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it

would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B. Failure to State a Claim**

Mr. Anders's complaint references three federal statutes – 18 U.S.C. § 1028, 8 U.S.C. § 1227, and 8 U.S.C. § 1324c. However, these statutes outline criminal offenses that do not provide a private right of action. "Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute." Milam v. Southaven Police Dep't, No. 15-CV-02029-SHL-DKV, 2015 WL 1637937, at *7 (W.D. Tenn. Apr. 13, 2015), aff'd (Aug. 21, 2015); see also Saro v. Brown, 11 F. App'x 387, 388 (6th Cir. 2001) ("Violations of these [mail and wire fraud] sections of the federal criminal code do not give rise to independent, private causes of action."); Marshall v. Howard, No. 3:06-CV-354-H, 2007 WL 952076, at *2 (W.D. Ky. Mar. 26, 2007) ("Even if they have occurred, violations of state and federal statutes do not provide for private causes of action; authority to initiate criminal complaints rests exclusively with state and federal prosecutors.") (internal citation omitted). Additionally, "an individual cannot file criminal charges." Hayes v. Shelby Cnty. Tr., 971 F. Supp. 2d 717, 735 (W.D. Tenn.

2013); see also Hayes v. Cowans, No. 14-2366-STA-dkv, 2014 WL 2972298, at *9 (W.D. Tenn. July 2, 2014). Therefore, Mr. Anders's complaint fails to state a claim upon which relief may be granted with regard to these federal criminal statutes. Accordingly, the court recommends dismissal of these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Anders also alleges that his Fifth Amendment due process rights were violated by Defendants. However, "[t]he Fifth Amendment's Due Process Clause applies only to the actions of the federal government." Taylor v. Nichols, No. 05-1201-T-AN, 2006 WL 2850431, at *3 (W.D. Tenn. Oct. 4, 2006) (citing Scott v. Clay Cnty., 205 F.3d 867, 873 n.8 (6th Cir. 2000)); see also Myers v. Vill. of Alger, Ohio, 102 F. App'x 931, 933 (6th Cir. 2004). There are no allegations in Mr. Anders's complaint against the federal government or any federal officials or agencies. Therefore it is recommended that Mr. Anders's Fifth Amendment claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Lastly, Mr. Anders alleges that his Fourteenth Amendment due process rights were violated by Defendants. As best as the court can tell, Mr. Anders intends to bring a claim under 42 U.S.C. § 1983 against Defendants. Section 1983 "provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights." Rajapakse

v. Baker Donelson Bearman Caldwell & Berkowitz, P.C., No. 13-2328-JDT-DKV, 2013 WL 3992523, at *8 (W.D. Tenn. Aug. 5, 2013) (citing Albright v. Oliver, 510 U.S. 266 (1994)). To state a claim under § 1983, a plaintiff must allege two elements: "'(1) the defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law.'" Taylor v. City of Falmouth, 187 F. App'x 596, 599 (6th Cir. 2006) (quoting Mezibov v. Allen, 411 F.3d 712, 716-17 (6th Cir. 2005)). Generally, § 1983 does not "prohibit the conduct of private parties acting in their individual capacities." Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007). Mr. Anders has not alleged facts to plausibly claim that Ms. Purifoy or Ms. Tanya (attorneys for MALS), Ms. Anders (his ex-wife), or MALS acted under color of state law. See Taylor v. Memphis Area Legal Services, Inc., No. 12-2467-T-tmp, at *6-7 (W.D. Tenn. Jan. 30, 2013) (holding that plaintiff failed to state a § 1983 claim against MALS and other legal aid organizations because plaintiff failed to allege that MALS and other defendants were state actors or acted under color of state law). Therefore, it is recommended that Mr. Anders's Fourteenth Amendment claims against these defendants also be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.  Judicial Immunity**

To the extent that Mr. Anders has arguably stated a claim against Judge Higgins under § 1983, his claims for both injunctive and monetary relief are barred by judicial immunity. With regard to monetary relief, a judge is immune from suits for money damages unless: (1) "the judge's actions were non-judicial;" or (2) "the judge performed the actions 'in the complete absence of all jurisdiction.'" Ward v. City of Norwalk, No. 15-3018, 2016 WL 402975, at *2 (6th Cir. Feb. 3, 2016) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). In his complaint, Mr. Anders asserts that Judge Higgins's "conduct is so egregious [that] she has stepped outside of her immunity shield." However, contrary to Mr. Anders's assertion, the complaint alleges that Judge Higgins "abused her authority" by refusing to hear his appeal, by issuing a divorce instead of an annulment, by awarding excessive child support and alimony, and by failing to issue a final judgment so that he could appeal her rulings. These alleged actions were judicial in nature. Additionally, Judge Higgins performed these alleged actions during the course of deciding cases that fall within the jurisdiction of the Tennessee Circuit Court. Furthermore, Mr. Anders's claims for injunctive relief are likewise barred by judicial immunity.[1] Therefore, it is recommended that Mr.

---

[1]The Sixth Circuit in Ward explained that in limited circumstances, where "a declaratory decree was violated or

- 8 -

Anders's claims against Judge Higgins be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**D. Lack of Subject Matter Jurisdiction**

The district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure. See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). The court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action. Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998); Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir. 1992). Where subject matter jurisdiction is found to be lacking, dismissal is required. Fed. R. Civ. P. 12(h)(3). Even construing Mr. Anders's complaint in the most liberal light, the court submits that the complaint must be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute,

---

declaratory relief was unavailable," judicial immunity may not apply with regard to injunctive relief. Id. at *4. However, those circumstances are not presented in Mr. Anders's complaint.

- 9 -

which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

    1. Claims Against Judge Higgins

To the extent Mr. Anders seeks to attack or appeal Judge Higgins's orders and rulings in his state court cases, the Rooker-Feldman doctrine bars his claims. The Rooker-Feldman doctrine establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court

proceedings." Pieper v. Am. Arbitration Ass'n, Inc., 336 F.3d 458, 462 (6th Cir. 2003) (citations omitted). Rather, "only the United States Supreme Court has jurisdiction to correct state court judgments." Gottfried v. Med. Planning Servs., Inc., 142 F.3d 326, 330 (6th Cir. 1998) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923) & D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)). The Rooker-Feldman doctrine is applicable to constitutional cases brought under 42 U.S.C. § 1983, since federal courts must give "full faith and credit" to state court judicial proceedings. Gottfried, 142 F.3d at 330 (citing 28 U.S.C. § 1738). It applies even though the state court judgment may have been erroneous. In re Sun Valley Foods Co. v. Detroit Marine Terminals, Inc., 801 F.2d 186, 189 (6th Cir. 1986).

In order to determine whether the Rooker-Feldman doctrine is applicable, a court must ask "whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008) (quoting McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)). "If the source of injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction." McCormick, 451 F.3d at 393. Here, Mr. Anders requests that the court essentially undo Judge Higgins's orders. It is clear from the

face of the complaint that the "sources of injury" upon which Mr. Anders bases his claims are the state court orders entered by Judge Higgins. Therefore, the court concludes that the <u>Rooker-Feldman</u> doctrine applies and prevents this court from exercising subject matter jurisdiction over Mr. Anders's claims against Judge Higgins.

    2. <u>Claims Against Remaining Defendants</u>

Under 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." As discussed above, Mr. Anders has not asserted a viable claim under the federal statutes cited. Merely referencing a federal statute, without more, is insufficient to invoke federal jurisdiction under § 1331. <u>See</u> <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (citation and internal quotation marks omitted); <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 817 (1986) ("[F]ederal jurisdiction cannot be based on a frivolous or insubstantial federal question"); <u>Jenkins v. Methodist Healthcare – Memphis Hospitals, et al.</u>, No. 5-6195, at *3 (6th

Cir. May 6, 2016) ("'Merely referring to a federal statute . . . does not establish federal jurisdiction if the dispute does not involve a substantial question of federal law.'") (quoting Am. Fed. of Television & Radio Artists, AFL-CIO v. WJBK-TV, 164 F.3d 1004, 1007 (6th Cir. 1999)); Thornton v. Sw. Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir. 1990) ("Federal courts have jurisdiction under section 1331 in 'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'") (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28, (1983)). Because Mr. Anders has not stated a colorable claim under any federal law against Ms. Purifoy, Ms. Tanya, Ms. Anders, or MALS, this court does not have § 1331 jurisdiction over his claims against them.[2]

---

[2]The complaint does not assert jurisdiction based on diversity. In any event, diversity jurisdiction is lacking in this case. See 28 U.S.C. § 1332 (stating that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). A federal court has jurisdiction under § 1332 only if there is "complete diversity [of state citizenship] between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Coleman v. Indymac Venture, LLC, 966 F. Supp. 2d 759, 769 (W.D. Tenn. 2013) (citing Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Mr. Anders does not

## III. RECOMMENDATION

For the reasons above, it is recommended that Mr. Anders's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and for lack of subject matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 18, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

plead the citizenship of any of the Defendants. The court notes, moreover, that Mr. Anders lists a Memphis address as his mailing address and provides Memphis addresses for all of the Defendants. Although a party's address is not dispositive of his or her citizenship, it strongly suggests that complete diversity is lacking.