IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JONAH PAUL ANDERS, | ) |
| Plaintiff, | ) |
| VS. | ) No. 16-2321-JDT-tmp |
| SHAYLA N. PURIFOY, ET AL., | ) |
| Defendants. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Jonah Paul Anders, a resident of Memphis, Tennessee, filed a *pro se* complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983 on May 9, 2016, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Tu M. Pham subsequently granted leave to proceed *in forma pauperis*. (ECF No. 5.) On May 18, 2016, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended dismissing the case *sua sponte*. (ECF No. 6.) Plaintiff filed a timely objection to the R&R on May 31, 2016. (ECF No. 7.)

Plaintiff sued his ex-wife, Mayla C. Anders; Shelby County Circuit Court Judge Gina Higgins; Memphis Area Legal Services ("MALS"); and Shayla N. Purifoy and Anumeha Tanya, attorneys with MALS. His claims arise out of the state-court proceedings concerning his divorce from Defendant Anders. Plaintiff alleged that Defendant Purifoy "lied and

misled four circuit judge that my appeal was heard on the merits of each case and appeals."
(ECF No. 1 at 4.) He alleged that Defendant Tanya "assisted in getting order changed without notice exparte [sic]." (*Id.*) Defendant Anders allegedly presented false documents and false statements during the court proceedings. (*Id.*) With regard to Defendant Higgins, Plaintiff alleged that she abused her authority and violated her oath of office by denying his appeals for trial *de novo*; issued a divorce instead of the annulment he had requested; awarding excessive alimony and child support; and failing to issue a final judgment so that he could appeal her rulings. (*Id.* at 6 (Addendum).) Plaintiff alleged that the Defendants' actions violated his right to due process; he sought several forms of both injunctive and monetary relief. (*Id.* at 4-5.)

In the R&R, Magistrate Judge Pham first determined that the criminal statutes cited in Plaintiff's complaint, 18 U.S.C. § 1028, 8 U.S.C. § 1227 and 8 U.S.C. § 1324c, do not provide for a private right of action and that criminal charges cannot be filed by an individual. The Magistrate Judge then determined that Plaintiff's complaint also does not state a valid claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to due process.[1]

With regard to Defendants Anders, Purifoy and Tanya, Magistrate Judge Pham found that all three are private citizens and that Plaintiff has not plausibly alleged they were acting

---

[1] Magistrate Judge Pham noted that any claims brought under the Fifth Amendment fail because the Fifth Amendment applies only to the actions of the federal government. The complaint in this case does not allege any federal action.

under color of state law; therefore, they may not be sued under § 1983. *See Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007). The Magistrate Judge also noted that Plaintiff had asserted no basis for the Court to exercise jurisdiction over these Defendants on diversity of citizenship grounds. *See* 28 U.S.C. § 1332.

The Magistrate Judge found that Plaintiff's claims against Defendant Higgins are barred by judicial immunity, notwithstanding his assertions that her "conduct is so egregious she has stepped outside of her immunity shield" (ECF No. 1 at 6) and that "[j]udicial immunity does not apply to cases of intentional abuse of authority and misconduct, even while acting under color of law as a judge" (*id.* at 7). To the contrary, judicial immunity "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Magistrate Judge Pham further determined that any claims in which Plaintiff seeks to have this Court review and alter Defendant Higgins's rulings are barred by the *Rooker-Feldman* doctrine,[2] under which lower federal courts have no subject matter jurisdiction to review state court proceedings. *See Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003).

Plaintiff's objection, which includes several exhibits, does not specifically address the Magistrate Judge's findings. Instead, Plaintiff merely reiterates the allegations in the complaint and requests that the case be allowed to proceed. Plaintiff also requests that he be

---

[2] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

allowed to amend his complaint. (ECF No. 7 at 1.) However, he does not state how he seeks to amend or provide any proposed amended complaint.

Nothing in Plaintiff's objection warrants rejecting Magistrate Judge Pham's conclusions. In addition, the Court finds that the deficiences in Plaintiff's complaint cannot be cured; therefore, leave to amend also is not warranted. Accordingly, Plaintiff's objection is OVERRULED. The Court hereby ADOPTS the R&R and DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure (b)(1) and (h)(3).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks

appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim and lack of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE